# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 17 2018, 9:29 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald C. Swanson, Jr.
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Porshea N. Gentry, *Appellant-Defendant,* | April 17, 2018 |
| v. | Court of Appeals Case No. 18A-CR-21 |
| | Appeal from the Allen Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Frances C. Gull, Judge |
| | Trial Court Cause No. 02D06-1507-F4-46 |

**Najam, Judge.**

## Statement of the Case

Porshea N. Gentry appeals her sentence following her convictions for dealing in a narcotic drug, as a Level 4 felony, and two counts of dealing in cocaine, as Level 5 felonies. Gentry presents a single issue for our review, namely, whether her sentence is inappropriate in light of the nature of the offenses and her character. We affirm.

## Facts and Procedural History

On May 18, 2015, a confidential information ("CI") for the Fort Wayne Police Department ("FWPD") purchased one-half gram of cocaine from Gentry in exchange for $50. And on June 9, the CI again purchased one-half gram of cocaine from Gentry in exchange for $50. On June 25, an officer with the FWPD conducted a traffic stop of a vehicle after the officer observed Gentry, who was the main suspect in a narcotics investigation, get into the passenger seat. The officer conducted a search of the vehicle and found a total of 7.2 grams of cocaine, five plastic baggies, a digital scale with cocaine residue on it, and $1,447 in cash. The State charged Gentry with two counts of dealing in cocaine, as Level 5 felonies, and one count of possession of a narcotic drug with intent to deliver, as a Level 4 felony.

On October 13, Gentry pleaded guilty to all three charges. The trial court took Gentry's guilty plea under advisement and placed her into the Drug Court Diversion Program. As a condition of her placement, Gentry agreed to appear

in court as required, to report to her case manager as directed, and to comply with sanctions imposed by the court.

[4] On February 22, 2016, Gentry failed to appear for a hearing. The next day, a warrant was issued for Gentry's arrest. Gentry was arrested on October 30, 2017. On November 6, the State filed a petition to terminate Gentry's participation in the drug court program because Gentry had failed to complete ten hours of community service imposed on February 8, 2016, as a sanction for prior violations of drug court rules; she had failed to report for a case-management appointment on February 9, 2016; and she had failed to appear for court on February 22, 2016. The trial court terminated Gentry's participation in the drug court program on November 29, 2017.

[5] On December 6, the trial court accepted Gentry's guilty plea, found her guilty as charged, and entered judgment of conviction accordingly. During the sentencing hearing, the trial court identified mitigating and aggravating circumstances and sentenced Gentry to the advisory sentences for all three convictions, which included six years for dealing in a narcotic drug, as a Level 4 felony, and three years each for the two counts of dealing in cocaine, as Level 5 felonies, to be served concurrently. This appeal ensued.

## Discussion and Decision

[6] Gentry contends that her sentence is inappropriate in light of the nature of the offenses and her character. Indiana Appellate Rule 7(B) provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of

the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."  The Indiana Supreme Court has recently explained that:

> The principal role of appellate review should be to attempt to leaven the outliers . . . but not achieve a perceived "correct" result in each case.  *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008).  Defendant has the burden to persuade us that the sentence imposed by the trial court is inappropriate.  *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind.), as amended (July 10, 2007), *decision clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

*Shoun v. State*, 67 N.E.3d 635, 642 (Ind. 2017) (omission in original).

[7]   Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference."  *Cardwell*, 895 N.E.2d at 1222.  Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case."  *Id*. at 1224. The question is not whether another sentence is more appropriate, but rather whether the sentence imposed is inappropriate.  *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008).  Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)."  *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[8]     The sentencing range for a Level 4 felony is two years to twelve years, with an advisory sentence of six years. Ind. Code § 35-40-2-5.5 (2018). And the sentencing range for a Level 5 felony is one year to six years, with an advisory sentence of three years. I.C. § 35-50-2-6. Here, the trial court identified as mitigating factors the fact that Gentry had accepted responsibility and that she had expressed remorse. And the trial court identified the following aggravating factors: Gentry's criminal history, which includes two juvenile delinquency adjudications and seven misdemeanor convictions as an adult; that she had had her probation revoked three times; that she had had her suspended sentence revoked once; that she has a history of failed attempts at rehabilitation; and that she had absconded from drug court for over twenty months. Accordingly, the trial court sentenced Gentry to an aggregate term of six years with the Department of Correction.

[9]     Gentry maintains that her sentence is inappropriate in light of the nature of the offenses because "there is nothing aggravating about the offense facts." Appellant's Br. at 11. She further asserts that her sentence should be revised because the crimes were "caused by substance[-]abuse issues," *Id.* at 11. First, to Gentry's point that the offenses were typical of drug-dealing offenses, the trial court apparently agreed and imposed the advisory sentences. Second, officers found a total of 7.2 grams of cocaine, five clear, plastic baggies, a digital scale that field tested positive for cocaine, and $1,447 when they arrested Gentry. Based on the amount of cocaine that Gentry was bringing into the

community, we cannot say that Gentry's six-year sentence for three felony convictions is inappropriate in light of the nature of the offenses.

[10] Gentry further asserts that her sentence is inappropriate in light of her character. She contends that her drug addiction is a "deep-seated medical condition"; that "addiction is something that cannot be cured through incarceration"; and that, "What she does not need is a prolonged prison sentence." *Id*. Gentry also contends that her sentence in inappropriate in light of her character because a review of her criminal history reveals that most of her convictions are driving offenses. Appellant's Br. at 11. Be that as it may, Gentry's poor character is demonstrated by the fact that she had her probation revoked three times and a suspended sentence revoked once, and she absconded from the drug court program for over twenty months. Further, Gentry admits to a history of substance abuse, which she has been unable to overcome.[1] And, as the State notes, Gentry is not just a user, but she is "an active dealer." Appellee's Br. at 10. We cannot say that Gentry's sentence is inappropriate in light of her character. Accordingly, we affirm her sentence.

[11] Affirmed.

---

[1] Gentry contends that "[h]ard statistics tell[] us that this dependency should not be considered an aggravating factor for the purposes of sentencing[.]" Appellant's Br. at 11. She further contends that her criminal history should not be treated as an aggravating factor. To the extent that Gentry contends that the trial court abused its discretion when it considered those two factors as aggravating circumstances, Gentry has not made a cogent argument on appeal.

Robb, J., and Altice, J., concur.